UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 18-20584-CR-MARTINEZ-OTAZO-REYES

UNITED STATES OF AMERICA,

vs.

SURMONDREA MCGREGOR,
    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 29, 2018, Defendant Surmondrea McGregor filed a Motion to Suppress Physical Evidence [ECF No. 20]. On September 13, 2018, the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, held an evidentiary hearing on Defendant McGregor's Motion [ECF No. 30]. Magistrate Judge Otazo-Reyes subsequently filed a Report and Recommendation [ECF No. 64], recommending that Defendant McGregor's Motion to Suppress Physical Evidence be DENIED. This Court has reviewed the entire record and made a *de novo* review of Defendant McGregor's objections [ECF No. 83].

Defendant McGregor objects to Magistrate Judge Otazo-Reyes' credibility determinations [ECF No. 83, at 1-2]. "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *U.S. v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). As a reviewing court only has the "cold record" before it, the reviewing court must "accord considerable deference to the credibility findings of the trial court." *U.S. v. Cooke*, 915 F.2d 250, 252 (6th Cir. 1990); *see also U.S. v. Shabazz*, 887 F.3d 1204, 1215 (11th Cir. 2018) (according "great deference to [a] district court's credibility determinations" on appeal when the district court agreed with a magistrate judge's credibility determinations). Accordingly, when

"evaluating the factual version of events" between witnesses, an appellate court (or one sitting in an appellate capacity) "should defer to the magistrate judge's determinations unless his understanding of the facts appears to be 'unbelievable.'" *Ramirez-Chilel*, 289 F.3d at 749; *see also Shabazz*, 887 F.3d at 1215 ("We must accept the evidence credited by the district court 'unless it is contrary to the law of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it."). After a *de novo* review of the record, the Court finds no legal basis to disturb Magistrate Judge Otazo-Reyes' credibility determinations.

Moreover, this Court finds that Defendant McGregor's objections to any conclusion of law reached by Magistrate Judge Otazo-Reyes are already addressed in her well-reasoned Report and Recommendation. Accordingly, after careful consideration, it is

**ADJUDGED** that United States Magistrate Judge Otazo-Reyes' Report and Recommendation [ECF No. 64] is **AFFIRMED** and **ADOPTED**. Defendant's McGregor's objections are **OVERRULED** and his request for a *de novo* hearing on his Motion to Suppress Physical Evidence is **DENIED**. Accordingly, it is further:

**ADJUDGED** that Defendant McGregor's Motion to Suppress Physical Evidence [ECF No. 20] is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 2 day of November, 2018.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record